UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHERI L. SCHUMANN TAX &
ACCOUNTING, INC.,

 And

THE ZION EVANGELICAL LUTHERAN   Case No.
CHURCH OF BAY CITY, MICHIGAN,    Hon.

   Plaintiffs,

v.

JOHN DOES 1-10,

   Defendant.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

For their Complaint and Demand for Jury Trial in this matter, Plaintiffs Sheri L. Schumann Tax & Accounting, Inc., ("Schumann Tax") and The Zion Evangelical Lutheran Church of Bay City, Michigan ("Zion"), by and through their attorneys Revision Legal, PLLC, state as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Schumann Tax is a Michigan corporation with principal place of business at 3535 Old Kawkawlin Rd. Bay City, MI 48706;

2. Plaintiff Zion is a Michigan Non Profit Corporation with principal place of business at 510 W. Ivy St. Bay City, MI 48706.

3. Upon information and belief, Defendants John Does ("Defendants") are individuals located in New Jersey, Colorado, Michigan, and Illinois.

4. John Does are also banks and financial institutions located in Michigan, Kentucky, Utah, South Dakota, New York, and Delaware ("Bank Defendants").

5. This Court has subject matter jurisdiction over the claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1030.

6. This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Personal jurisdiction is proper over Defendants because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposefully availed themselves of this forum state, the cause of action arises from Defendants' activities here, and the Defendants' actions have caused damage to Michigan businesses.

## II. STATEMENT OF FACTS

9. Zion consists of a Lutheran church and school located in Bay City, Michigan.

10. Schumann Tax is owned and operated by Ms. Sheri Schumann, a licensed EA, and provides tax and accounting services.

11. Ms. Schumann is a member of Zion Lutheran Church and Schumann Tax volunteers its tax and accounting services to Zion.

12. Schumann Tax has provided tax and accounting services to Zion since at least as early as the year 2000.

13. Part of Schumann Tax's services to Zion include accounting and payroll services. Schumann Tax therefore has direct access the Zion's bank accounts at TCF Bank in Bay City, Michigan.

14. Schumann Tax has its own business operating and trust accounts at TCF Bank.

15. On September 28, 2020, Ms. Schumann noticed that several large, unauthorized withdrawals were made from the Schumann Tax TCF bank operating account.

16. Immediately upon discovering the fraudulent withdrawals, Ms. Schumann went in person to the TCF Bank branch located at 3533 Wilder Road, Bay City, MI 48706.

17. Upon further inquiry, TCF Bank employees informed Ms. Schumann that several large withdrawals had recently taken place on the Schumann Tax Trust account as well as the Zion bank account.

18. Ms. Schumann demanded that TCF Bank freeze all relevant bank accounts immediately and after several phone calls between the TCF Bank clerk and several other TCF Bank employees, TCF assured Ms. Schumann that the accounts would be closed and all pending transactions would be stopped.

19. On September 30, 2020, Ms. Schumann discovered that the Zion account was in fact not closed and she contacted TCF and asked them to make sure the accounts were closed.

20. Ms. Schumann immediately contacted the Bay County Sherriff's department and made a report regarding the stolen funds. She also made three reports to the FBI.

21. Later that day, Ms. Schumann visited the same TCF branch and was told that another nearly $57,000 was withdrawn from the Zion account via two transactions the night of September 29, 2020 and $8,080 was withdrawn from the Schumann Tax Trust account.

22. Lynette Finch, a fraud investigator for TCF Bank, informed Ms. Schumann that an unknown telephone number was added to the Schumann Tax bank account on September 15, 2020 and the same number was added to the Zion account on September 23, 2020.

23. Ms. Finch further informed Ms. Schumann that an address was added to the Schumann Tax accounts which Ms. Schumann did not add and is not an authorized address.

24. Ms. Schumann then found that the normal TCF bank notices in her email that should have been in her inbox but she had never seen them. Later, Ms. Schumann found deleted emails from TCF in her email trash that she herself did not delete and had not seen. Ms. Schumann then discovered, with the assistance of an Information Technology contractor, that her email settings included a "rule" that automatically marked any incoming TCF emails as trash. Ms. Schumann did not create such a rule.

25. Defendants gained unauthorized access via computers to Ms. Schumann's email account and bank accounts and made changes which allowed them to carry out their illegal bank withdrawal scheme.

26. Defendants not only accessed Plaintiffs' accounts but they accessed confidential login and password information owned by Schumann Tax and Zion.

27. With this information, Defendants used bank accounts located outside of Michigan to initiate at least 76 fraudulent Automated Clearing House ("ACH") withdrawals on the Zion and Schumann Tax bank accounts.

28. Defendants accessed the Schumann Tax and Zion bank accounts online from several different IP addresses from outside of Michigan including from Illinois, Colorado, and New Jersey in late September 2020 without authorization.

29. Then Defendants initiated ACH debit withdrawals from the Schumann Tax and Zion bank accounts on several occasions to several different third party bank accounts throughout the country including Axiom Bank in Florida, Central National Bank & Trust in Oklahoma, Republic Bank & Trust in Kentucky, Metabank in South Dakota, The Bancorp Bank in Delaware, Metropolitan Commercial Bank in New York, and Green Dot Bank in Utah.

30. The Bank Defendants did not employ commercially reasonable security methods and notifications to Plaintiffs thereby allowing Defendants to easily pull off their scheme.

31. TCF Bank has utterly failed to provide sufficient information to Plaintiffs regarding the status and next steps available to them to recover their funds.

32. TCF Bank has failed to communicate with Plaintiffs regarding their purported fraud investigation of this matter despite their promises to keep Plaintiffs up to date and informed.

33. Defendants accessed and withdrew over $400,000 of Plaintiffs' funds via a scheme including intentional misrepresentations and fraud and because of the Bank Defendants' lax, insufficient, and not commercially reasonable security measures.

34. Some of the funds were returned, although Plaintiffs have not been provided with any explanation as to why some were returned and others were not.

35. To date, almost $350,000 is currently missing from Plaintiffs' bank accounts as a direct result of Defendants' acts and omissions described herein.

36. As a result of the missing funds, Plaintiffs have suffered financial loss, loss of bank accounts, the exposure of personally identifiable information, and reputational damage.

37. Schumann Tax has also suffered damage to the contractual relationships with its clients due to the depletion of funds in the Schumann Tax client trust account.

38. TCF Bank's failure to close down the Plaintiffs' bank accounts and negligence in identifying the fraudulent access to the accounts and fraudulent activity on the accounts was a direct cause of Plaintiffs' losses and damages.

## Count I
## Violation of the Computer Fraud and Abuse Act - 18 U.S.C. § 1030

39. Plaintiffs restate and incorporates paragraphs 1-38 above as though fully restated herein.

40. Defendants intentionally accessed a computer without authorization, namely, Plaintiffs' email and online bank accounts, knowingly and with an intent to defraud.

41. Defendants illegally took login and password information and changed bank account and email account settings.

42. By means of their illegal access, Defendants intentionally initiated at least 76 fraudulent ACH withdrawals in excess of $400,000.

43. As a result of Defendant's knowing, fraudulent, and unauthorized access to Plaintiffs' accounts Defendants have caused economic damage and loss to Plaintiffs.

## COUNT II
## Conversion

44. Plaintiffs restate and incorporate paragraphs 1-43 above as though fully restated herein.

45. Plaintiffs have a property interest in the money in their business bank accounts.

46. By virtue of their property interest, Plaintiffs are entitled to immediate possession of the stolen funds.

47. Defendants have wrongfully exercised dominion and control over the stolen funds.

48. Defendants' wrongful exercise of dominion and control over the stolen funds has deprived Plaintiff of possession of those funds.

49. Defendants' wrongful exercise of dominion and control over the stolen funds has caused Plaintiffs to suffer damages.

## COUNT III
### Tortious Interference with Contractual Relations and Business Relationships

50. Plaintiffs restate and incorporates paragraphs 1-49 above as though fully restated herein.

51. Plaintiff Schumann Tax had a contractual expectancy with specifically identified clients.

52. Plaintiff Schumann Tax has a trust account in which it maintains client funds.

53. Defendants, through its infiltration of Plaintiff Schumann Tax's accounts, knew that one of the Schumann Tax bank accounts they stole from was a trust account and that Plaintiff has tax clients and therefore contractual expectancy and business relationships.

54. Defendants intentionally and fraudulently withdrew Schumann Tax's clients' funds from Plaintiff Schumann Tax's trust account.

55. Defendants used improper means or methods to knowingly and intentionally interfere with Plaintiff Schumann Tax's contractual expectancy with its clients.

56. As a result of Defendants' interference with Plaintiffs Schumann Tax's contractual expectancy, Plaintiff Schumann Tax suffered loss.

57. Plaintiff Schuman Tax's loss has resulted in damages to it.

## COUNT IV
### Violation of Michigan Compiled Laws sections 440.4601 *et seq.*

58. Plaintiffs restate and incorporates paragraphs 1-57 above as though fully restated herein.

59. As described above, Bank Defendants received and authorized fraudulent ACH debit instructions from the perpetrators who had infiltrated Plaintiffs' bank accounts.

60. The ACH Withdrawals were not authorized by Plaintiffs or their agents.

61. Plaintiff's bank failed to employ commercially reasonable security measures to protect against the fraudulent withdrawal payment orders.

62. The Bank Defendants were aware of the fraudulent and unauthorized debit instructions, they failed to inform Plaintiffs and after Plaintiffs discovered the fraud and notified the banks, the bank defendants permitted additional withdrawals.

63. Plaintiffs have suffered financial loss and damages because of Defendant's acts and omissions.

## COUNT V
## Negligence

64. Plaintiffs restate and incorporates paragraphs 1-63 above as though fully restated herein.

65. The Bank Defendants have a duty to protect against unauthorized access to Plaintiffs' bank accounts, to confirm the identity of any individuals attempting to obtain access to Plaintiffs' bank accounts, and to confirm the identity of any individuals who withdraw money from Plaintiffs' bank accounts.

66. The Bank Defendants also have a duty to confirm the identity of any individuals who create bank accounts with their respective institutions and who accepted wire transfers from Plaintiffs' bank accounts.

67. In failing to protect against unauthorized access to Plaintiffs' bank accounts, to confirm the identity of individuals who obtained unauthorized access to Plaintiffs' bank accounts, and to confirm the identity of individuals who withdrew money from Plaintiffs' bank accounts, the Bank Defendants breached their duties.

68. In failing to obtain and maintain identifying information for the individuals who created bank accounts and then transferred funds from Plaintiffs' accounts into those bank accounts, the Bank Defendants have breached their duties.

69. Due to the Bank Defendants' breaches of these duties, Plaintiffs have suffered harm.

70. Plaintiffs' harm includes monetary damages in excess of $400,000.

71. The Bank Defendants' breach of these duties served as both the cause in fact and the proximate cause of Plaintiffs' injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A. That the Court order the return of all funds removed from Plaintiffs' accounts plus interest;

B. That the Court order Defendants to disgorge all ill-gotten gains;

C. That the Court award Plaintiff its attorneys' fees and costs; and

D. That the Court grant Plaintiff all other relief to which it is entitled and such other or additional relief as is just and proper.

Dated: October 30, 2020

Respectfully Submitted,

/s/ Amanda Osorio
Amanda Osorio (P79006)
John Di Giacomo (P73056)
Eric Misterovich (79006)
*Attorneys for Plaintiffs*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all matters triable as of right in the instant causes of action.

Dated: October 30, 2020

/s/ Amanda Osorio
Amanda Osorio, Attorney for Plaintiffs
